Opinion filed October 15, 2009 











 
 
  
 
 







 
 
  
 
 




Opinion filed October 15,
2009 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-09-00220-CR

                                                    __________

 

                                   JOHN ELLIS ROBERTS, Appellant

 

                                                             V.

 

                                         STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 18th District Court

 

                                                        Johnson
County, Texas

 

                                                  Trial
Court Cause No. F39274

 



 

                                             M
E M O R A N D U M   O P I N I O N








This
is an appeal from a judgment adjudicating guilt.  John Ellis Roberts originally
entered a plea of guilty to the offense of possession of less than a gram of
methamphetamine.  Pursuant to the plea bargain agreement, adjudication of guilt
was deferred, appellant was placed on community supervision for five years, and
a $750 fine was imposed.  After a hearing on the State=s motion to adjudicate, the trial court found
that appellant had violated the terms and conditions of his community
supervision, revoked his community supervision, adjudicated appellant=s guilt, and imposed a
sentence of confinement for two years.  The trial court suspended the
imposition of the sentence and placed appellant on Aregular@
community supervision for five years.  We dismiss the appeal.

Appellant=s court-appointed counsel
has filed a motion to withdraw.  The motion is supported by a brief in which
counsel professionally and conscientiously examines the record and applicable
law and concludes that the appeal is frivolous.  

Counsel
presents three arguable issues.  In the first two, counsel examines the
sufficiency of any admonishment given at the hearing on the motion to
adjudicate.  As counsel notes, the requirements of Tex. Code Crim. Proc. Ann. art. 26.13 (Vernon Supp. 2009) are
not applicable at the hearing on the motion to adjudicate.  Harris v.
State, 505 S.W.2d 576, 578 (Tex. Crim. App. 1974).  We note that the record
reflects that appellant was admonished in compliance with Article 26.13 at
the time he entered his guilty plea.  In the third issue, counsel addresses the
punishment the trial court assessed after appellant was adjudicated.  As
counsel notes, the punishment was within the range authorized by the
legislature for a state jail felony with a probated sentence.  Tex. Health & Safety Code Ann. ' 481.115(b) (Vernon Supp.
2009); Tex. Penal Code Ann. ' 12.35 (Vernon Supp. 2009);
Tex. Code Crim. Proc. Ann. art.
42.12 (Vernon Supp. 2009).  A penalty assessed within the range of punishment
established by the legislature will not be disturbed on appeal. Jackson v.
State, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984); Bradfield v. State,
42 S.W.3d 350, 354 (Tex. App.CEastland
2001, pet. ref=d). 
The three arguable issues are overruled.

Counsel
has provided appellant with a copy of the brief and advised appellant of his
right to review the record and file a response to counsel=s brief.  A response has
not been filed.  Court-appointed counsel has complied with the requirements of Anders
v. California, 386 U.S. 738 (1967); In re Schulman, 252 S.W.3d 403
(Tex. Crim. App. 2008); Stafford v. State, 813 S.W.2d 503 (Tex. Crim.
App. 1991); High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978); Currie
v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); Gainous v. State,
436 S.W.2d 137 (Tex. Crim. App. 1969); and Eaden v. State, 161 S.W.3d
173 (Tex. App.CEastland
2005, no pet.).








Following
the procedures outlined in Anders, we have independently reviewed the
record, and we agree that the appeal is without merit.  We note that counsel
has the responsibility to advise appellant that he may file a petition for
discretionary review by the Texas Court of Criminal Appeals.  Ex parte Owens,
206 S.W.3d 670 (Tex. Crim. App. 2006).  Likewise, this court advises appellant
that he may file a petition for discretionary review pursuant to Tex. R. App. P. 66.  Black v. State, 
217 S.W.3d 687 (Tex. App.CEastland
2007, no pet.).

The
motion to withdraw is granted, and the appeal is dismissed.

 

PER CURIAM

 

October 15, 2009

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.